UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANUELOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA GARCIA,<br><br>　　　　　Defendant. | 15-cv-00011-LJO-GSA<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 1)** |

## I.   INTRODUCTION

Plaintiff Robert Banuelos ("Plaintiff"), appearing *pro se*, filed a Complaint (the "Complaint") on January 5, 2015. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1981 against Sandra Garcia (the "Defendant"). *Id*. The Court has screened the Complaint and recommends that it be dismissed without leave to amend.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

1

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## III. PLAINTIFF'S ALLEGATIONS[1]

The Complaint revolves around Plaintiff's attempts to enter various California state offices. Plaintiff appears to have been involved in a dispute between the California Labor

---

[1] Plaintiff has simultaneously filed a complaint in a different case, *Banuelos v. Martinez*, Case No. 1:15-cv-00010-AWI-GSA, with factual allegations that appear to overlap with those in the current case. Both complaints are rife with vague, disorganized, and incomplete allegations and appear to include language that was copied and pasted between the two; however, the Court has endeavored here to piece Plaintiff's allegations together reviewing both complaints, as necessary. These two complaints also follow a complaint filed by Plaintiff in *Banuelos v. Sandoval*, Case No. 1:14-cv-01923-MCE-SAB, which was dismissed on April 16, 2015.

Commissioner and FNF, Inc., a company whose relationship to Plaintiff is not discernible from the Complaint. While that dispute was pending, Plaintiff visited the office of State Assemblyman Henry T. Perea in Fresno, presumably to seek assistance with respect to the FNF, Inc. case. While there, Plaintiff met with Defendant, an employee of the Assemblyman's office. Defendant told Plaintiff that she would look into the matter. Defendant appears to have kept in contact with Plaintiff for some period of time after this and Plaintiff appears to have furnished Defendant with documents and/or information.

At some point, Plaintiff visited the offices of State Assemblyman Jim Patterson and was escorted out of the Assemblyman's offices by California Highway Patrol officers. He also visited the Fresno office of the Department of Labor Standards Enforcement and was escorted out of the building by the California Highway Patrol. Assemblyman Patterson and the DLSE occupy different buildings at different addresses than Assemblyman Perea.

In August 2014, Assemblyman Perea informed Plaintiff via letter that his office had no further action that they could take in Plaintiff's case and asked Plaintiff to cease contact with his office. Plaintiff alleges that Defendant "for some reason was manipulating the situation" and concludes that his civil rights have been violated because he was denied "rights to enter a state building." (Complaint 4:27.)

**IV.   DISCUSSION**

  **a.   42 U.S.C. § 1981**

To establish a claim under section 1981, a plaintiff must show that (1) he is a member of a racial minority; "(2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Section 1981 can only be violated by purposeful discrimination. *General Bld. Contractor's Ass'n,*

*Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). A "claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza v. McDonald*, 546 U.S. 470, 476 (2006) ("Absent the requirement that the plaintiff himself must have rights under the contractual relationship, § 1981 would become a strange remedial provision designed to fight racial animus in all of its noxious forms, but only if the animus and the hurt it produced were somehow connected to *somebody's* contract. We have never read the statute in this unbounded—or rather, *peculiarly* bounded—way").

Plaintiff describes his race as "German, Cherokee Indian, Mexican, Spaniard," but does not allege any facts suggesting that: (1) he suffered any discrimination; (2) Defendant had any intent to discriminate on the basis of his race; or (3) any alleged discrimination was encompassed by the prohibited activities listed in § 1981. Indeed, the allegations in the Complaint do not even describe ***any basis*** for liability on the part of Defendant; based on the allegations in the Complaint, defendant does not appear to have played any role in preventing him from entering any building or taken any other action to cause him harm. It is thus entirely unclear why she is the target of this litigation—in the Complaint's allegations, defendant appears to be the only individual who ***did not*** eject Plaintiff from a state building. Even had she been the actor who removed Plaintiff from the Assemblyman's offices, Defendant had no existing contractual relationship with Plaintiff, precluding the possibility of a claim under § 1981. Plaintiff's claim is thus facially invalid and should be dismissed.

Nor is leave to amend appropriate here. The issue is not that Plaintiff has plead inadequate facts—it is that his current allegations leave no room for the possibility that: (1) Defendant was the party who removed Plaintiff from the state building; or (2) Defendant had some contractual relationship under which he had rights. Plaintiff has already indicated that other parties were the culpable parties (and, in fact, he has simultaneously filed a separate lawsuit against one of them).

4

Likewise, the relationship between Plaintiff and Defendant is amply laid out—Defendant was a staffer in a state assemblyman's office looking into a matter for a constituent. No contractual relationship was implicated and there can be no § 1981 claim. The Complaint thus precludes the possibility that Defendant acted wrongly.

### b. 42 U.S.C. § 1983

#### i. First Amendment

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 677; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). The complaint must allege that every defendant acted with the requisite state of mind to violate underlying constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012).

Plaintiff asserts that his First Amendment rights were abridged because he was denied access to the offices of Assemblyman Perea. It is well-settled, however, that "the First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *Cornelius v. NAACP Legal Defense and Educ. Fund, Inc.*, 473 U.S. 788, 803 (1985); *Greer v. Spock*, 424 U.S. 828, 836 (1976) ("The State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated"); *Sanchez v. City of Los Angeles*, No. CV 07-5132 GHK (JC), 2011 WL 6951822, at *9 (C.D. Cal. Oct. 31, 2011) ("Citizens are not entitled to exercise their First Amendment rights whenever and wherever they wish"). Nor does the First Amendment right to petition "guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's

views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Thus, Plaintiff does not appear to have suffered any violation of his First Amendment rights—he was not entitled to enter any state building merely because it was owned by the government. Nor was he entitled to a favorable response to his request for assistance. It also appears that he was, in fact, allowed to enter Assemblyman Perea's offices and speak with Defendant, even if she was ultimately unable to achieve the outcome he desired.[2] (Complaint ¶ 5.)

Moreover, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and Plaintiff's allegations fall far short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Here, Defendant appears not to have played any role in preventing Plaintiff from entering any offices. While he was escorted out of the offices of Assemblyman Patterson and the Labor Commissioner, he does not appear to have been escorted out of, or otherwise prevented from entering, Assemblyman Perea's offices. It is thus beyond plausibility to suggest that Defendant, who worked for Assemblyman Perea, was orchestrating a conspiracy to deprive Plaintiff of his rights. Plaintiff likewise does not plead any facts suggesting that Defendant was responsible.

Nor can leave to amend remedy these deficiencies. The allegations that Plaintiff has already made in the Complaint make clear that Defendant did not personally participate in any alleged deprivation of rights. More factual allegations will not allow Plaintiff to resolve the inconsistencies he has already established in the Complaint. Even if they could, the mere fact that Plaintiff was escorted out of a state office does not (and cannot) constitute a violation of his First

---

[2] It is unclear whether Plaintiff is alleging a violation of his First Amendment right to petition or right to freedom of expression. Neither right is violated here, however.

Amendment rights. *See, e.g.*, *Haas v. Monier*, No. NH CA 08-169 MML, 2009 WL 1277740, at *9 (D.N.H. April 24, 2009) (removal of plaintiff from courtroom did not violate First Amendment rights).

### ii. Fourteenth Amendment Due Process

Defendant further alleges that his due process rights were violated.[3] As identified above, Plaintiff does not establish that Defendant committed any action that deprived Plaintiff of any constitutional right. In addition, a procedural due process claim requires: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff does not allege or explain what adequate procedural protections he was denied before his removal from the state offices.

More importantly, it does not appear that Defendant was actually deprived of any liberty or property interest. Plaintiff's displeasure with the outcome of Defendant's efforts on his behalf is not enough to state a claim that he was denied a liberty or property interest. Even if Defendant had played a role in removing Plaintiff from the state offices (and it does not appear that she did), Plaintiff does not enjoy a liberty interest to enter into any state office without restriction. *Williams v. Town of Greenburgh*, 535 F.3d 71, 76-77 (2d Cir. 2008) ("it would distort the right to free travel beyond recognition to construe it as providing a substantive right to cross a *particular* parcel of land, enter a *chosen* dwelling, or gain admittance to a *specific* government building"); *Doe v. City of Lafayette*, 377 F.3d 757, 770-71 (7th Cir. 2004) (no liberty interest implicated where city banned plaintiff from using city's public parks for "innocent, recreational purposes"); *Souders v. Lucero*, 196 F.3d 1040, 1045 (9th Cir. 1999) (no constitutionally protected interest in accessing public university campus without restriction); *Chafin v. Stasi*, No. 13-cv-02661-WYD-

---

[3] It is not clear whether Plaintiff is alleging a violation of procedural due process or substantive due process. As explained herein, however, the lack of a protected interest renders either claim invalid.

MEH, 2015 WL 1525542, at *11 (D. Colo. March 31, 2015) (removal of plaintiff from public recreation center "does not implicate a liberty interest"). His removal from a state office thus cannot constitute a deprivation of a constitutionally protected interest and he was not entitled to procedural protections.

As with his First Amendment claim, leave to amend does not seem appropriate here. Based on the facts as alleged, Defendant appears to have done her best to represent Plaintiff's interests, but was simply unable to assist Plaintiff to his satisfaction. Although the current Complaint does not make clear what aid Defendant was asked to provide, it seems unlikely that any amendment could correct the current deficiencies in the Complaint while remaining consistent with the current allegations.

**V.     RECOMMENDATION**

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, it is recommended that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 28, 2015**                           **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE